**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:18-cv-_____

AIMEE SWAN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

    Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its counsel, Sheryl L. Anderson and Andrew K. Lavin of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

**I. INTRODUCTION**

1.    On May 11, 2018, Plaintiff commenced an action against State Farm in the District Court, City and County of Denver, Colorado, entitled *Aimee Swan v. State Farm Mutual Automobile Insurance Company*, Case No. 2018CV31762. *See* **Ex. A**, Complaint. Plaintiff

asserted that she is a resident of Colorado. *See id.* at ¶ 1 and p. 9 (Plaintiff's Address). Plaintiff served Defendant with the Complaint on July 16, 2018. *See* **Ex. B**, Notice of Service of Process.[1]

2. Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446(b)(3) as it is filed within thirty days of service of process. Thirty days following July 16, 2018 is August 15, 2018.

3. This is an action in which the district courts of the United States have original jurisdiction under 28 U.S.C. § 1332, because diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. §1441, the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, City and County of Denver, Colorado, where this action is pending, as the Complaint concerns a motor vehicle accident that occurred in Colorado.

## II. DIVERSITY OF CITIZENSHIP

4. Plaintiff is a citizen of Colorado. *See* Ex. A, at ¶ 1. Defendant is an Illinois corporation with its principal place of business in Illinois. *See* **Ex. C**, Certificate of Good Standing from the Office of the Secretary of State, State of Colorado, indicating that Defendant is an Illinois corporation; **Ex. D**, Restated Articles of Incorporation of State Farm Mutual Automobile Insurance Company, stating that Defendant's principal place of business is in Illinois; **Ex. E**, Corporate

---

[1] Plaintiff affidavit of service was filed under seal and as the undersigned has not entered its appearance, it is not accessible. However, Plaintiff's Response to Notice to Show Cause, which is filed, also claims service occurred on July 16, 2018. The parties have agreed that a responsive pleading is due August 17, 2018.

Disclosure Statement. Defendant State Farm is thus a citizen of Illinois. *See* 28 U.S.C. § 1332(c)(1). Therefore, complete diversity of citizenship exists between Plaintiff and Defendant.

### III. AMOUNT IN CONTROVERSY

5. Diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is proper because Plaintiff is seeking a monetary judgment in excess of the $75,000 minimum amount in controversy requirement.

6. "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). A civil cover sheet filed in State Court in which a plaintiff asserts that more than $75,000 is in issue is an "initial pleading" or "other paper" under § 1446(b)(3) which is evidence of the amount in controversy. *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016).

7. The amount in controversy must be determined by the allegations of the complaint or, where they are not dispositive, by the allegations in the Notice of Removal. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). In determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008) (the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

8. Courts should apply the same liberal rules to removal that are applied to other matters of pleading. *Dart Cherokee Basin Operating, Co. v. Owens,* 135 S. Ct. 547, 553 (2014). "When a defendant seeks federal adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* Furthermore, a defendant's Notice of Removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

9. The defendant is not required to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *McPhail*, 529 F.3d at 955-56. "The amount in controversy is not proof of the amount that the plaintiff will recover but rather is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

10. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to remain in federal court unless it is "legally certain that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954.

11. Attorney fees can be included in determining the amount in controversy if the underlying state law on which one or more of the plaintiff's claims is based permits an award of attorney fees. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933)). Likewise, a Court should consider the two-times the covered benefit statutory damage prescribed in C.R.S. § 10-3-1116 when a plaintiff alleges an extra-contractual claim pursuant to that statute. *See Washington v. Am. Family Mut. Ins. Co.*, No. 12-CV-02229-REB-KLM, 2013 WL 1412327, at *4 (D. Colo. Mar. 18, 2013), *report and recommendation adopted*, No. 12-CV-02229-REB-KLM, 2013 WL 1414241 (D. Colo.

Apr. 8, 2013) (citing *Rabin v. Fidelity Nat. Property and Cas. Ins. Co.*, 863 F.Supp.2d 1107, 1110-11112 (D. Colo. 2012)).

12. This case arises from a motor vehicle accident that occurred at the intersection of Colorado Boulevard and East Colfax Avenue. *See* Ex. A, Compl. at ¶¶10-32. Plaintiff claims that as a result of this accident, she suffered physical injuries resulting in medical care and treatment. *Id.* at ¶¶ 37, 38, 49. At the time of the filing of the Complaint, medical bills were alleged to total $69,489.63. *See id*. at  48. The alleged tortfeasor carried $25,000 in bodily injury insurance and has tendered that to Plaintiff. *See id.* at ¶¶ 45-46. At the time of the incident, Plaintiff was insured by an insurance policy issued by State Farm which provided uninsured motorist coverage ("UIM") of $250,000 per person per accident. *See id.* at ¶ 51. Plaintiff asserts that Defendant breached the insurance contract by failing to adequately compensate her pursuant to her UIM coverage under the policy. *See id.* at ¶¶ 97-107.

13. In addition to asserting her breach of contract claim, Plaintiff claims that pursuant to C.R.S. §§ 10-3-1115 & 10-3-1116, she is also entitled to recover an amount two (2) times the covered benefit, plus reasonable attorney's fees and costs. *See* Ex. A, Compl. at ¶¶ 108-112.

14. Plaintiff also pursues damages through a claim of bad faith breach of insurance contract. *See* Ex. A, Compl. at ¶¶ 113-118. Plaintiff claims that due to State Farm's alleged breach of its duty of good faith and fair dealing, she has sustained unspecified damages. *See id*. at ¶ 118.

15. In her Civil Cover Sheet, Plaintiff indicates that a monetary judgment over $100,000 is sought by any party against any other single party. *See* **Ex. F**, Civil Cover Sheet.

16. The foregoing demonstrates that Plaintiff is seeking damages well in excess of the $75,000 jurisdictional threshold.

## IV. CONCLUSION

17.     Given the amount of damages Plaintiff seeks from Defendant, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

18.     Pursuant to 28 U.S.C. § 1446(a), and D.C.COLO.LCivR 81.1, copies of the current docket sheet and of all pleadings, process, and orders in the State Court case file of which Defendant is aware will be filed contemporaneously with this Notice. There are no pending motions or hearings set in the State Court action.

19.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Boulder County, Colorado, and a copy has been served on Plaintiff, as indicated on the attached Certificate of Service.

20.     State Farm states that no waiver and no admission of fact, law, or liability, including without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company hereby removes this action from the District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado.

Dated this 14th day of August, 2018.

        Respectfully submitted,

        **WELLS, ANDERSON & RACE, LLC**

*By:*   *S/Andrew K. Lavin*
        Sheryl L. Anderson
        Andrew K. Lavin
        1700 Broadway, Suite 1020
        Denver, CO 80290
        Telephone: (303) 830-1212
        Email: sanderson@warllc.com
        dlavin@warllc.com

        *Attorneys for Defendant*

        [Original Signature on File at the Office of Wells, Anderson & Race, LLC]

<u>Address of Defendant</u>
One State Farm Plaza
Bloomington, IL 61710

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of August 2018, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed with the Court and forwarded by U.S. First Class Mail, postage pre-paid, and addressed as follows:

Megan Matthews
Natalie Brown
Franklin D. Azar & Associates, P.C.
14426 East Evans Avenue
Aurora, Colorado 80014

*S/Leslie Gregory*
Leslie Gregory, Legal Assistant
[Original Signature on File at the Office of
Wells, Anderson & Race, LLC]